JEAN WEBRE *v.* DOMINIQUE DUROC.

An alien who is sued in a State Court by a citizen of the State, may, by complying with the requirements of the Act of Congress of 1789, remove the case to the Circuit Court of the United States ; but he cannot claim a dismissal of such suit.

APPEAL from the District Court of the Parish of Lafourche, *Roman,* J.

*Bush, Beatty & Allain,* for plaintiff and appellant.    *P. Soulé* and *L. Charet,* for defendant.

9

WEBRE
v.
DUROC.

MERRICK, C. J. This suit was commenced in the Fifth Judicial District Court for the Parish of Lafourche.

The plaintiff is a citizen of the United States, and the defendant is an alien. The suit is for over five hundred dollars.

Defendant appeared and filed an exception to the jurisdiction of the court, alleging himself to be a citizen of France, and averring that he was amenable to the jurisdiction of the Circuit Court of the United States, and praying that the suit be dismissed.

This appearance was filed May 14th, 1859. The exception was set for trial May 30th, 1859. On the 31st of May, defendant obtained leave to file a supplemental exception, alleging the plaintiff to be a citizen of the United States.

The exception was sustained, and the plaintiff's suit dismissed. The plaintiff, after an ineffectual attempt to obtain a new trial, appealed.

The judgment of the lower court is erroneous.

An alien has the right to remove a case from the State Court to the Circuit Court of the United States, but not to claim a dismissal of such suit. And in order to remove his suit, he must comply with the requirements of the Act of Congress of 1789, chapter 20, § 12. See Statutes at Large, vol. 1, p. 79. The section reads as follows, viz :

" If a suit be commenced in any State Court against an alien, or by a citizen of the State in which the suit is brought, against a citizen of another State, and the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court, *and the defendant shall, at the time of entering his appearance, in such State Court,* file a petition *for the removal of the cause for trial into the next Circuit Court* to be held in the district where the suit is pending, or if in the Kentucky District, to the District Court next to be holden therein, *and offer good and sufficient surety for his entering, on the first day of the session,* copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the State Court to accept the surety, and proceed no further in the cause ; and any bail that may have been originally taken, shall be discharged, and the said copies being entered as aforesaid in such court of the United States, the cause shall then proceed in the same manner as if it had been brought there by original process. And any attachment of the goods and estate of the defendant by the original process shall hold the goods or estate so attached to answer the final judgment in the same manner as by the laws of such State they would have been holden to answer final judgment had it been rendered in the court in which the suit commenced."

It is evident, that the filing of an exception to the jurisdiction of the court, and demanding a dismissal of the action, is not a compliance with this law. The defendant, on making his appearance, presented no petition for the removal of the cause, and offered no surety for his entering the copies in the Circuit Court of the United States, on the first day of its session. On the contrary, he preferred to *demand the judgment of the State Court* on his exception, and thus the term of the Circuit Court has been lost.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and it is further ordered, adjudged and decreed by the court, that the defendant's exceptions be overruled, and that this cause be remanded for further proceedings according to law, the defendant paying the costs of the appeal.